Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407
hsavci@masontenders.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

TRUSTEES FOR THE MASON TENDERS          :
DISTRICT  COUNCIL WELFARE FUND,         :
PENSION FUND, ANNUITY FUND, and         :
TRAINING PROGRAM FUND, and JOHN J.      :
VIRGA, in his fiduciary capacity as Director,  :
                                        :
           and                          :
                                        :
ROBERT BONANZA,as Business Manager      :
of the MASON TENDERS DISTRICT COUNCIL   :
OF GREATER NEW YORK,                    :
                    Plaintiffs,         :
                                        :
-against-                               :
                                        :
PRIDE ENTERPRISES NEW YORK,             :
                                        :
                    Defendant.          :
-------------------------------------------------------x

Civil Action
No.

ECF CASE

     The Trustees for the Mason Tenders District Council Welfare Funds, Pension

Fund, Annuity Fund and Training Program Fund (hereinafter the "Funds") and the Mason

Tenders District Council of Greater New York (the "Union" or "MTDC") which both have their

principal base of business at 520 8th Avenue, Suite 600 and 650, New York, New York 10018,

pursuant to FRCP 8(a), hereby bring the following allegations against PRIDE ENTERPRISES

NEW YORK., ("the Defendant"), which maintains its principal place of business at 35 Rosemary

Place, East Islip, New York 11730. This is an action brought pursuant to Section 301(c) of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm a default

arbitration award (the "Award") issued on October 9, 2014 in accordance with the grievance and arbitration terms set forth in the applicable collective bargaining agreement and Trust Funds Agreements. This Action arises from the failure of the Company to timely pay monies owed pursuant to the Award. The Funds and the MTDC seek a judgment confirming the Award and ordering the Company to pay the Funds $16,902.70 in delinquent fringe benefit contributions, union dues and Political Action Committee ("PAC") contributions, interest, liquidated damages, interest and arbitration costs.

## THE PARTIES

1.      Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. John Virga is the Director of the Funds.

2.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The Union maintains its principal place of business at 520 8th Avenue, Suite 650,  New York, NY 10018.Plaintiff the MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5).  The MTDC maintains its principal place of business within this judicial district, at 520 8th Ave., Suite 650, N.Y., N.Y.  10018. Robert Bonanza is the Business Manager of the MTDC.

3.      Defendant is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2).  Robert Frango, President,  executed on Defendant's behalf a 2005-2008 Independent Collective Bargaining Agreement which by its terms at Article XII remains in effect.

<u>JURISDICTION AND VENUE</u>

4.      This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

5.      Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because on information and belief the Company transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the Funds and MTDC maintain offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

The Collective Bargaining Agreement

6.      At all relevant times Defendant was party to a CBA executed by the Union and Frangos upon behalf of Defendant.

7.      The CBA establishes the terms and conditions of employment for all bargaining unit employees of the Company.  The CBA states that an Employer agrees to and shall be bound by all terms and condition of the Trust Agreements and any amendments including but not limited to the Trust Funds' arbitration procedures for allegedly delinquent contributions.

8.      The CBA requires an Employer pay contributions to the Funds for all employees covered. In addition to contributions owed the Funds, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund.  The Funds are also designated as the authorized collection agent for the MTDC and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

9.      The relevant Trust agreements require the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

10.     The CBA and Trust agreements permit the Trustees of the Plans to take any legal action for the purpose of collecting unpaid benefits from an employer including through the

commencement of arbitration proceedings against delinquent employers to seek allegedly delinquent contributions.

11.     Defendant is an "Employer" as defined by the Trust Agreements. It is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

12.     The Trust Agreements further provide the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

13.     In addition, pursuant to the Trust agreements and the CBA, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

14.     Under duly adopted amendments to the Trust Agreements, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing a proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

15.     A dispute arose concerning Earth's failure to meet obligations to make fringe benefit and other contributions to the Trust Funds pursuant to the CBA and the relevant Trust Agreements for the period July 1, 2008 through March 31, 2013 ( the "Audit Period").

16.     Pursuant to the CBA, and the Trust Agreements, the Funds on or around April 3, 2014 referred the dispute to Arbitrator Joseph Harris for arbitration who scheduled an initial hearing for May 22, 2014 and then granted adjournments by first the Employer and then the Funds to July 9, 2014 and then August 20, 2014.

17.     The hearing was duly conducted on August 20, 2014. On behalf of Defendant, Ann Radke appeared and agreed that the Defendant would pay the Funds a total of $14,128.58 by September 24, 2014 to satisfy the claim covering the Audi Period.  In the event of a default on the payment, the Defendant agreed that the Arbitrator would then issue a default award in favor of the Funds against Defendant in the amount of $16,902.70.

18.     Defendant made no payments.  On October 9, 2014, the Arbitrator issued his default award ordering Defendant to pay the Funds $16,902.70

19.     Arbitrator Harris forwarded a copy of the Default Award to the Company as did the Funds. Defendant did not move to vacate the Default Award in any manner nor has it made any payments against the Default Award.

20.     Plaintiffs pray for an Order confirming the Default Award, and directing the entry of Judgment against Defendant in the amount of $16,902.70 with statutory interest to accrue from the date of the entry of Judgment.

Dated: October 8, 2015
       New York, NY

By:  _____

Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

# ATTACHMENT

```
--------------------------------------------------
```
In the Matter of the Arbitration

      Between

TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY FUND AND
TRAINING PROGRAM FUND and THE MASON TENDERS
DISTRICT COUNCIL OF GREATER NEW YORK

      And

PRIDE ENTERPRISES NEW YORK, INC.
```
--------------------------------------------------
```

| | |
|---|---|
| BEFORE: | Joseph A. Harris, Ph.D., Impartial Arbitrator |
| APPEARANCES: | |
| For the Funds: | Haluk Savci, Esq. |
| | Dominick Giammona, Mason Tenders Trust Fund |
| | William Austin, Schultheis & Panettieri, LLP |
| For the Employer: | Alice Radtke (by telephone) |
| Place of Hearing: | Mason Tenders District Council, NYC |
| Dates of Hearing: | August 20, 2014 |
| Date of Award: | August 24, 2014 |

## Consent Award:

1. The Company agrees that it owes the Funds and the District Council $14,128.58 in delinquent contributions, dues & PAC, interest, and imputed audit costs, for the period 7.1.2008-3.31.2013:

   | | |
   |---|---|
   | Fringe benefits | $ 8,870.61 |
   | Due & PAC | 732.26 |
   | Interest (as of 8.18.14) | 1,154.88 |
   | Audit Cost (imputed) | 3,370.83 |
   | Total | $ 14,128.58 |

2. The Funds agree that the Funds will accept the use of actual audit cost instead of imputed interest cost (assuming actual audit costs are lower) if the Company pays its debt in full within 30 days of the arbitration. Lara Gonzalez will inform the Company of the actual audit cost.

3. The Parties agree that if the Company misses its payment deadline, the Funds will allow a 5-day grace period and will give notice to the Company. If the Company does not then pay its total debt within 5-days, the Funds will recommend to the Impartial Auditor that he issue a Default Award that will include the above costs plus ERISA cost of 20% of unpaid principal (fringe benefits), plus arbitrator fees. The Company will also owe the Funds legal fees, in the event the Funds find it necessary to enforce this Consent Award.

*Joseph A. Harris*
Joseph A. Harris, Ph.D.
Impartial Arbitrator

August 24, 2014
Date

Cc    Haluk Savci, Alice Radtke

# JOSEPH A. HARRIS, PH.D.
## *Arbitrator, Mediator*
### Teaneck Business Assoc., Inc.
### 267 Griggs Avenue, Teaneck, New Jersey 07666

**Ph 201 801-0632**                **C  201 280-8580**                **harrisjilr@gmail.com**

October 9, 2014                **SENT BY E-MAIL**

Pride Enterprises New York
35 Rosemary Place
East Islip, NY 11730
alice@prideflooringservices.com

Haluk Savci, Esq.
Mason Tenders District Council of Greater NY
520 8th Avenue, Suite 650
New York, NY 10018
PH: 212 452-9431 (Lara Gonzalez)
LGonzalez@masontenders.org

## DEFAULT ARBITRATION AWARD

**Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund *and* the Mason Tenders District Council of Greater New York *against* Pride Enterprises New York**

I issued a Consent Award on August 24, 2014 that stated an agreement the two Parties made at arbitration on August 20, 2014. In summary, the Employer agreed to pay the Funds $14,128.58 that it owed in delinquent fringe benefit and related payments. If the Employer failed to pay, the Funds would ask the Arbitrator to issue a Default Award for the $14,128.58 plus liquidated damages, attorney fees, and arbitrator fees.

The Funds state that the Employer did not pay. The Funds gave timely notice to the Employer of the lack of payment, and the Employer still did not pay. The Funds then asked the Arbitrator to issue a Default Award. In accord with the provisions of the Consent Award, I issue the following Default Award:

The Employer will immediately pay the Funds **$16,902.70**, as shown below:

| | |
|---|---|
| Fringe benefits | $ 8,870.61 |
| Due & PAC | 732.26 |
| Interest (as of 8.18.14) | 1,154.88 |
| Audit Cost (imputed) | 3,370.83 |
| Liquidated Damages (20% of Unpaid Fringe Benefits) | 1,774.12 |
| Attorney Fees | 500.00 |
| Arbitrator Fees | 500.00 |
| **TOTAL** | **$ 16,902.70** |

*Joseph A Harris*

Joseph A. Harris, Ph.D.
Impartial Arbitrator